**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Anita Lea FOX, Defendant-Appellant.**

**Crim. No. 75–168.**

United States District Court,
W. D. Oklahoma,
Criminal Division.

Nov. 21, 1975.

Drew Neville, Oklahoma City, Okl., for plaintiff-appellee.

N. Martin Stringer, Oklahoma City, Okl., for defendant-appellant.

DAUGHERTY, Chief Judge.

This is an appeal from the decision and judgment (of conviction) and sentence of the United States Magistrate for this District in the above case. This appeal is pursuant to Rule 8, Federal Rules of Procedure for the Trial of Minor Offenses before United States Magistrates.

The Defendant was charged with a violation of Title 18, United States Code, § 1382, a minor offense, which prohibits one from going upon any military reservation for any purpose prohibited by law or lawful regulation. Defendant was charged in the Complaint with entering Tinker Air Force Base, Oklahoma, for a purpose prohibited by law which was stated to be the possession of a controlled substance, to-wit: marijuana. Defendant was found guilty as charged by the United States Magistrate and sentenced to a period of imprisonment for six months, the execution of which sentence was suspended and placed on probation for two years. The Magistrate further adjudged Defendant to be a youthful offender as defined by the Federal Youth Corrections Act. (18 U.S.C. § 5005 et seq.)

In her Appeal the Defendant claims the evidence used in this case should have been suppressed because it was obtained by an illegal search. In this regard the record discloses the Defendant filed a Motion to Suppress which was overruled by the Magistrate after an evidentiary hearing was conducted.

The Order overruling said Motion entered by the Magistrate on May 29, 1975 contains extensive findings of fact which the parties have agreed constitute the record on appeal as supplemented by additional facts set out in a document captioned Stipulation on Appeal filed herein on August 25, 1975.

The Court has conducted a pretrial conference in reference to this Appeal at which time briefs from the parties were called for which have been received. The Court has also conducted oral arguments.

The facts briefly stated disclose that Defendant's purse was found on or near the front seat of an automobile which had entered Tinker Air Force Base while said automobile was being searched for weapons or contraband by Base Police Officers. Defendant had been a passenger in said automobile which the Officers stopped after it entered the Base pursuant to information which had been received from an informant that persons were planning to enter the Base in one or two automobiles to include one matching the description of the automobile in which Defendant was a passenger for the purpose of selling "speed" and marijuana. The informant who was previously unknown to the Tinker Police Officers had identified himself as an undercover agent for the Del City Police Department.[1] Said informant advised that he was a participant in the activity[2] and further advised that persons involved in the same were armed. The informant described certain persons who were so involved but Defendant was not included among those described. However, the driver of the automobile in which she was a passenger was described as was the automobile itself. The testimony disclosed that the Tinker Officers allowed the automobile in question to enter the Base without stopping at the

---

1. Del City is a community in close proximity to Tinker Air Force Base. Said informant showed the Tinker Officers a badge.

2. The informant advised the Tinker Officers that he had been hoping to make arrests of the suspects in Del City but since they had decided to come to the Base to sell the "speed" and marijuana he was afraid it would all be sold on the Base and the decision was made to try to apprehend the subjects on the Base.

gate[3] and thereafter followed same stopping said automobile a few blocks inside the gate. It was stated that this procedure was followed due to congestion at the gate itself in order to avoid stopping the possibly armed suspects in the congested area. After this car was stopped, the driver and Defendant as a passenger were taken out of the automobile after which time one of the Officers entered the driver's side of the automobile and discovered a pistol, a billyclub and a bottle of pills. He then went to the passenger's side of the automobile and discovered a lady's purse. The pistol previously discovered did not match the description of the derringer which had been described by the informant and the officer testified he looked into the purse looking for a derringer. A bag of green leafy substance was found in said purse which Defendant has admitted in a Stipulation filed in the case was marijuana. A large quantity of amphetamine tablets were also found in the automobile. The occupants were taken to the Tinker Police Station at which time Defendant claimed possession of the purse in which the marijuana had been found.

Defendant contends that no consent was given by her for the Officers to search her purse. She further urges that since the purse was in the possession of the Officers and out of her reach that the search was not a proper incident to her arrest. She cites *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) for this contention asserting that the search involved was outside the area within Defendant's control from which a weapon could be seized or evidence destroyed.

A further contention raised by Defendant in this appeal is that even if the Officers had "probable cause" to search the automobile in which she was riding, same did not extend to a search of her belongings or purse. She contends that

the Magistrate erred in holding that Defendant subjected herself to being searched in the interest of military security by entering the confines of the Air Force Base. She contends that such a search would have been proper at the entrance to the Base but claims that after the automobile was allowed to enter the Base by the authorities who thereafter planned to search it that a military security situation no longer existed. She contends the case of *Saylor v. United States*, 374 F.2d 894, 179 Ct.Cl. 151 (1967) supports this latter contention.

The Government's first contention in this appeal is that Defendant consented to the search upon entering the military reservation. It contends the Magistrate properly followed the case of *United States v. Vaughan*, 475 F.2d 1262 (Tenth Cir. 1973) in so holding. It further contends that probable cause for the search existed in the absence of said consent. It further contends that a different test applies to searches of automobiles due to the mobility of same, citing *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

This Court finds that the Magistrate properly overruled Defendant's Motion to Suppress. His Order on Motion to Suppress filed May 29, 1975 is hereby adopted by this Court and the findings and conclusions contained therein will not be set out in the instant opinion in as great depth as developed in said Order.

 This Court finds that Defendant consented to her purse being searched by entering said Base. The fact that said search was conducted inside the confines of the Base as opposed to being searched at the gate itself is irrelevant. In the case of *United States v. Vaughan, supra*, which involved Tinker Air Force Base, the Court stated:

> "The Government's position is that a person within the restricted area of a

---

3. The allowance of entry by the automobile in which Defendant was a passenger was not in accordance with normal procedures for entry of automobiles by "visitors". Normally such

automobiles are stopped and after inquiry is made as to identity and destination visitors are thereafter permitted to proceed onto the Base.

military reservation is subject to having his person and his vehicle searched in the interest of military security. Further it asserts that submitting to search could be validly imposed as a condition to gaining access to a military reservation. Both of these positions are correct; . . . "

In the instant case, the Defendant's purse was searched while she was within the confines of the restricted area. The search which was for the purpose of looking for illegal drugs and weapons was certainly in the interest of military security. The Court in *Vaughan, supra,* further emphasized the military security and the consent issues when it stated:

"The Government also points to the large sign posted at the entrance to the Air Force Base and says that consent to the search may be implied. The sign read as follows:

'WARNING. U. S. AIR FORCE BASE. IT IS UNLAWFUL TO ENTER THIS AREA WITHOUT PERMISSION OF THE COMMANDER OF TINKER AIR FORCE BASE. WHILE ON THIS INSTALLATION ALL PERSONNEL AND THE PROPERTY UNDER THEIR CONTROL ARE SUBJECT TO SEARCH.'

While we agree, as we said before, that once within the area where security was imposed, a search conducted without probable cause and without consent could be proper. Also the submission to search could be imposed as a valid condition to gaining access to the base."

The Magistrate properly held that Defendant's reliance on *Saylor v. United States, supra,* was misplaced because said case involved facts which indicated military security was not involved in the search attacked therein.

▮▮▮ This Court finds further that the Magistrate was correct in his findings that the search was otherwise permitted under the Fourth Amendment on the basis that the Officers had adequate probable cause to support the search and because the search involved an automo-

bile stopped along the roadway. In *United States v. Duke,* 369 F.2d 355 (Seventh Cir. 1966), cert. den. 386 U.S. 934, 87 S.Ct. 957, 17 L.Ed.2d 806, the Court found probable cause existed to search an automobile for contraband without a warrant where information provided by an informant was corroborated by the occurrence of predicted events in accordance with the standards established in *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). In the instant case, the information received by the Officers was corroborated by the happening of predicted occurrences giving rise to the existence of probable cause to search the automobile for weapons and contraband without a warrant.

Defendant's contention that the Officers had a right to search the automobile and take control of the purse but not look in the purse itself is tantamount to an admission of this finding. The right of the Officer to look into said purse seems reasonable in light of the fact that it would have to be given back to Defendant at some point. It certainly would not be prudent for Officer to take possession of a woman's purse while conducting an investigation where it has already been determined that an informer's tip was correct that the suspects were armed and not search said purse for weapons. Under the circumstances involved herein, the search of the purse would have been warranted on the belief that the safety of the Officers or that of others could have been endangered had a weapon been contained therein. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

This Court finds that the Magistrate was correct in finding that the standards for the search of an automobile were in this case applicable. *Chambers v. Maroney, supra.* The standards asserted by Defendant from *Chimel v. California, supra,* relate to a search of a house in connection with an arrest and should not be applied in the instant case.

The only issue raised in this appeal relates to the Magistrate's ruling on the

Motion to Suppress which ruling this Court finds was correct.

Affirmed.